
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

1:09CR59

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CONSENT ORDER AND JUDGMENT** |
| v. | ) | **OF FORFEITURE** |
| | ) | |
| ALEXANDER KLOSEK, | ) | |
| | ) | |
| Defendant. | ) | |

BASED UPON the defendant's plea of guilty, and finding that there is a substantial nexus between the property listed below and the offense to which the defendant has pled guilty and that the defendant has or had a legal interest in the property, IT IS HEREBY ORDERED THAT:

1.      The following property is forfeited to the United States pursuant to 18 U.S.C. § 981, 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c):

**All funds, including but not limited to $286,783.57, in Wachovia Account XXXXXXXXX5189, such account held in the name of Pinnacle Fiduciary & Trust Group;**

**All funds, including by not limited to $292,350.09, in Ameritrade Account XXXXX9117, such account held in the name of Pinnacle Fiduciary & Trust Group;**

**All funds, including but not limited to $407,469.67, in Tradestation Account XXXX3339, such account held in the name of Pinnacle Fiduciary & Trust Group;**

**All funds, including but not limited to $3,106.21, in Tradestation Account XXXX1607, such account held in the name of Pinnacle Fiduciary & Trust Group;**

**All funds, including but not limited to $533.01, in Tradestation Account XXXX0487, such account held in the name of Pinnacle Fiduciary & Trust Group;**

**All funds, including but not limited to $1,290.39 in Tradestation Account XXXX2607, such account held in the name of Pinnacle Fiduciary & Trust Group FBO International Mineral Exchange;**

**All funds, including but not limited to $2,948.00, in Fidelity Account XXXXX1681, such account held in the name of Pinnacle Fiduciary & Trust Group; and**

**Any and all interest of Alexander Klosek in the following business:**

      **Certified Estate Planners, LLC;**

      **Pinnacle Fiduciary and Trust Group a.k.a. Pinnacle Advisory Group;**

      **Silverado Financial Group, LLC;**

      **Titan Composites Incorporated;**

      **International Mineral Exchange;**

      **Wild Kingdom Trust;**

      **Knights of Valhalla Trust; and**

      **International Titanium Corporation.**

2.     The United States Marshal and/or other property custodian for the investigative agency is authorized to take possession and maintain custody of the above specifically identified property;

3.     The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the specifically identified property, and shall publish notice of this forfeiture as required by law;

4.     Any person, other than the defendant, asserting any legal interest in the specifically identified property may, within thirty days of the publication of notice or the receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest;

5.     Following the Court's disposition of all timely petitions filed, a final order of forfeiture shall be entered. If no third party files a timely petition, this order shall become the final order and judgment of forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2), and the United States shall have clear title to the property, and shall dispose of the property according to law.

The parties stipulate and agree that the aforementioned assets constitute property derived from or traceable to proceeds of defendant's crime(s) herein or property used in any manner to facilitate the commission of such offense(s) and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981, 21 U.S.C. § 853 and/or 28 U.S.C. § 2461(c). The defendant hereby waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment against defendant. If the defendant has previously submitted a claim in response to an administrative forfeiture proceeding regarding any of this property, defendant hereby withdraws that claim. If defendant has not previously submitted such a claim, defendant hereby waives all right to do so.

EDWARD R. RYAN
ACTING UNITED STATES ATTORNEY

_____
Benjamin Bain-Creed
Special Assistant United States Attorney

_____
Alexander Klosek
Defendant

_____
S. Frederick Winiker, III, Esq.
Attorney for Defendant


Signed this the 30th day of _____Oct._____ , 2009 .

_____
UNITED STATES _____DISTRICT_____ JUDGE